UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL RAY GLOVER,<br><br>                      Plaintiff,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC,<br><br>                      Defendant. | Case No.: 18cv2330 JM(NLS)<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND FOR SANCTIONS** |

On December 4, 2019, Defendant filed a Motion to Dismiss for Lack of Prosecution based on Plaintiff's failure to abide by Magistrate Judge Stormes' earlier order to supplement his initial disclosure and discovery responses by November 1, 2019. (Doc. No. 31.) After originally taking the motion under submission, the court reset the motion for hearing on February 3, 2020. (See Doc. Nos. 38, 48.) Defense counsel Mr. Daniel Struck and Mr. Matthew Mahoney appeared at the hearing but plaintiff's counsel, Mr. David Kaufman, did not. For the reasons set forth below, the motion is denied.

Defendant moves for dismissal under Rule 41(b) and Rule 37 of the Federal Rules of Civil Procedure. Defendant argues that dismissal under either of the Rules is warranted because: Plaintiff has: (1) refused to participate in the filing of a joint discovery motion; (2) refused to provide it with information/documentation regarding the five aliases Plaintiff

1

has used in the past or provide it with his past medical history, institutional history, prior drug use, etc. that Judge Stormes has deemed relevant. (Doc. No. 31-1 at 14-21.)[1]

Rule 41(b) provides "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "A dismissal for lack of prosecution must be supported by a showing of unreasonable delay." *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986) (citing *Nealey v. Transp. Maritima Mexicana, S.A.,* 662 F.2d 1275, 1280 (9th Cir. 1980)). "A district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson,* 779 F.2d at 1424 (citing *Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981)). Local Rule 83.1(a) allows the court to dismiss an action if a party or counsel fails to comply with the rules of the District, the Federal Rules of Civil Procedure, "or with any order of the court." CivLR 83.1(a).

Rule 37 allows for terminating sanctions to be levied against a party for not obeying an order to supplement discovery responses. Fed. R. Civ. P. 37(c)(1)(C). It is so harsh a penalty that it should only be imposed as a sanction in extreme circumstances. *Henderson,* 779 F.2d at 1423 (9th Cir. 1986). When sanctions for dismissal are considered, the court

---

[1] Defendant also asserts that Plaintiff's counsel entered the Ocean View property where Plaintiff's alleged injury took place and illegally took photographs without prior authorization in contravention of Rule 34; and Mr. Kaufman's behavior has held it "hostage" and prevented it from obtaining the relevant information necessary for it to mount a defense. (*Id.* at 14.) Defendant seeks additional sanctions for this behavior. (Doc. No. 31-1 at 22-26.) As to what, if any, monetary sanction should be levied against Plaintiff for his failure to comply with her order, Judge Stormes is in a far better position to determine whether such a sanction is warranted, having controlled discovery in this case since its inception. Accordingly, the court refers the request for monetary sanctions under Rule 37 (b)(2)(C). Similarly, because the alleged trespass is, in essence, a discovery dispute, the court also refers this issue and any potential sanctions stemming from it to Judge Stormes for determination.

weighs: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986).

The public's interest in expeditious resolution of litigation is not a factor that weighs in Defendant's favor. The parties' seeming inability to work cooperatively in bringing this case to trial or settlement is evidenced by the recent flurry of motion practice in this case. Since this motion has been filed Plaintiff has filed a Motion for Evidentiary and Monetary Sanctions for Spoliation of Evidence (Doc. No. 34), a Motion for Extension of Time to File an Opposition to the Current Motion (Doc. No. 40), a Motion to Disqualify Counsel (Doc. No. 41) and a Motion for Relief from Court Order Pursuant to Fed. R. Civ P 60(B); Motion for Sanctions (Doc. No. 42), and Defendant has filed three motions to stay related to Plaintiff's motion to disqualify, spoliation of evidence and its own motion to dismiss (Doc. Nos. 45, 46, 47.) But the responsibility for this cannot be laid entirely at Plaintiff's door.

None of the remaining factors weigh in Defendant's favor either. The delay in producing the documents is not so prejudicial to CoreCivics that it cannot be remedied by, for example, extending the discovery cut-off date. Furthermore, by its own admission, GEO Group has produced countless records related to Mr. Glover, including those under his aliases. Notably, absent from Defendant's motion is any mention of the fact that the video of the alleged fall has been destroyed.

Finally, Defendant argues that the imposition of lesser sanctions is not feasible because Plaintiff has not produced or disclosed the information sought because it is unfavorable to him and that prohibiting him for producing evidence of injury would nullify his claim. But Defendant's all or nothing approach is extreme and ignores other less drastic measures such as monetary sanctions, evidence and issue preclusion, or tailored jury

instructions.[2] *See* Fed. R. Civ. P. Fed. R. Civ. P. 37(c)(1)(A)-(B). But Mr. Kaufman is in violation of Judge Stormes' order, and the court has given him "crystal clear" warning of the significant consequences available to the court for any continuing failures. *Henderson*, 779 F.2d at 1424. At bottom, however, the record here does not reveal a long history of inexcusable delay and neglect on the part of plaintiff's counsel and, as far as this court is aware, Mr. Kaufman has not violated any other discovery orders.

While the court is not condoning Plaintiff's failure to comply with Judge Stormes' order, dismissal of this case is not warranted under either Rule 37 or Rule 41. Accordingly, the court **DENIES** Defendant's Motion to Dismiss for Lack of Prosecution (Doc. No. 31). The parties are reminded that the basic standards of professionalism are expected of all attorneys appearing before this court. *See* CivLR 83.4(a)(1)(a)-(b), (2)(a)-(b).

IT IS SO ORDERED.

Dated: February 11, 2020

Hon. Jeffrey T. Miller
United States District Judge

---

[2] Commendably, at the hearing set for argument, defense counsel acknowledged that the unfortunate deterioration of professional civility resulting from the blizzard of discovery motions may have played some part in filing the motion to dismiss.